IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOUGLAS BRUCE HIMMELFARB,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, and KAS INVESTMENTS, LLC,<br><br>Defendants.<br>_____<br>KAS INVESTMENTS, LLC,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>BAY AREA FINANCIAL CORPORATION, a California Corporation,<br><br>Third-Party Defendant<br>_____ | CV. NO. 10-00058 DAE-KSC |

ORDER DENYING PLAINTIFF'S APPEAL FROM MAGISTRATE'S ORDER GRANTING DEFENDANT'S MOTION TO (1) FILE COUNTER/CROSS CLAIM FOR FORECLOSURE OF MORTGAGE AND (2) AMEND THE RULE <u>16 SCHEDULING ORDER</u>

Pursuant to Local Rule 7.2(d) the Court finds this matter suitable for

disposition without a hearing. After reviewing the Appeal and the supporting

memoranda, the Court **DENIES** Plaintiff's Appeal from Magistrate's Order Granting Defendant's Motion to (1) File Counter/Cross Claim for Foreclosure of Mortgage and (2) Amend the Rule 16 Scheduling Order.

BACKGROUND

The case at bar relates to a $5,200,000.00 mortgage loan that Plaintiff Douglas Himmelfarb ("Plaintiff") obtained from Washington Mutual Bank, FA ("WaMu") in September 2007 to refinance Plaintiff's home.

In his Complaint, Plaintiff alleges that Chris O'Brien, a WaMu employee, represented to Plaintiff that he could assist Plaintiff with refinancing his home at an initial interest rate of 9.5% for several months which would eventually drop to 5% for a thirty year period with payments of approximately $21,000.00 per month. ("Compl.", Doc. # 1, ¶ 13.) WaMu and Mr. O'Brien had earlier assisted Plaintiff in refinancing his home in February of 2007. (Id. ¶ 15.) At all relevant times, according to Plaintiff, he made clear his income was approximately $30,000 to $40,000 per month. Plaintiff allegedly relied on promises and representations made by Mr. O'Brien with respect to this mortgage loan. (Id. ¶ 19.)

The closing on the loan allegedly occurred at Plaintiff's home. (Id. ¶ 20.) According to Plaintiff, WaMu sent an unknown woman to deliver documents for Plaintiff's signature. (Id. ¶ 21.) Plaintiff alleges that she was not a

notary and could not answer questions about Plaintiff's mortgage. (Id.) Plaintiff proceeded to enter into the mortgage loan with WaMu on or about September 22, 2001. (Id. ¶ 22.) At the closing, the woman sent by WaMu left a package of documents with Plaintiff, but it allegedly had only one copy of the Notice of Right to Cancel. (Id. ¶ 24.) Plaintiff claims to have received no documents at all from WaMu prior to closing and no one explained to Plaintiff the meaning behind any documents Plaintiff ultimately received. (Id. ¶ 23.)

According to Plaintiff, after the closing he was unable to contact Mr. O'Brien to obtain the lower rate of 5%. (Id. ¶ 26.) Further, Plaintiff later discovered that the loan application showed his income at $95,000.00 per month. (Id. ¶ 27.)[1]

In connection with these facts, Plaintiff asserts six separate causes of action:

- Count I: Truth in Lending Act ("TILA") Violations
- Count II: Unfair and Deceptive Business Act Practices ("UDAP") Violations
- Count III: Unconscionability

---

[1] The Court notes that the Complaint also contains allegations against Kas Investments, LLC ("Kas"). (Compl. ¶¶ 35–49.) Plaintiff's claims against Kas are not presently at issue before the Court.

- <u>Count IV</u>:   Breach of Fiduciary Duty

- <u>Count V</u>:    Fraud and Misrepresentation

- <u>Count VI</u>:   Unlicensed Brokering[2]

(<u>Id.</u> ¶¶ 53–78.)  Plaintiff seeks actual damages, statutory damages, exemplary damages an injunction preventing a foreclosure, rescission, a satisfaction of mortgage, attorney's fees, and removal of any adverse information regarding Plaintiff that Chase reported to the various credit reporting agencies.  (<u>Id.</u> at 12–16.)

On September 28, 2008, the United States Office of Thrift Supervision seized WaMu and placed it in receivership.  <u>See</u> <u>Yeomalakis v. FDIC</u>, 562 F.3d 56, 59 (1st Cir. 2009).  The Federal Deposit Insurance Corporation ("FDIC") acted as receiver.  <u>Id.</u>  Many of WaMu's assets, including Plaintiff's Mortgage, were sold to JP Morgan Chase Bank, N.A.'s ("Chase") pursuant to a Purchase and Assumption Agreement.

On July 2, 2010, United States Magistrate Judge Kevin S.C. Chang issued an Amended Rule 16 Scheduling Order which provided that "[a]ll motions to join additional parties or to amend the pleadings shall be filed by October 1,

---

[2] The Court notes that this cause of action is brought against KAS exclusively.

4

2010." (Doc. # 28.) On May 5, 2011, counsel for Chase, Jeffrey H.K. Sia and David A. Gruebner, withdrew from the proceedings and were replaced with David B. Rosen and David E. McAllister. (See Doc. # 72.) Two months later, on July 26, 2011, at a pretrial conference, Chase advised Judge Chang that it anticipated filing a motion requesting leave to file a Counterclaim. (Doc. # 77.) Chase filed the Motion on July 27, 2011, along with an ex parte motion to shorten time. (Docs. ## 78, 79.) On August 3, 2011, Judge Chang orally granted Chase's Motion and issued an Amended Scheduling Order. (See Docs. ## 82, 84.) One day later, Chase filed a Counterclaim against Plaintiff for judicial foreclosure. (Doc. # 85.) On August 22, 2011, Judge Chang issued a written order granting Chase's Motion. (Doc. # 90.)

On September 2, 2011, Plaintiff filed the instant Appeal. ("Appeal," Doc. # 110.) Plaintiff contends it was error to grant Chase leave to file a Counterclaim and error to amend the Rule 16 Scheduling Order. (Id. at 2.) Chase did not file an Opposition.

STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and decide a pretrial matter pending before the court. The decision of the magistrate judge on non-dispositive matters is final. Bhan v. NME

5

Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). However, a district judge may reconsider a magistrate's order on these non-dispositive pretrial matters and set aside that order, or any portion thereof, if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR 74.1; see Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004); see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).

The threshold of the "clearly erroneous" test is high. See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001). The magistrate judge's factual findings must be accepted unless the court is "left with the definite and firm conviction that a mistake has been committed." United States v. Silverman, 861 F.2d 571, 576–66 (9th Cir. 1988). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City & Cnty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991).

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Haw. 2008); see Hunt v. Nat'l Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

6

DISCUSSION

Per Federal Rule of Civil Procedure ("Rule") 16, a plaintiff must demonstrate "good cause" in order to change the deadline set by a Rule 16 Scheduling Order. Fed. R. Civ. P. 16(b)(4). The good cause standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "'[T]he focus of the inquiry is upon the moving party's reasons for seeking the modification.'" C.F. v. Unified Sch. Dist., --- F.3d ---, 2011 WL 3634159, at *7 (9th Cir. Aug. 19, 2011) (quoting Johnson, 975 F.2d at 609). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (finding the district court properly denied the request to amend the complaint because the plaintiff's failed to show that they acted diligently in attempting to amend the complaint by the Rule 16 deadline).[3]

---

[3] It is worthy of note that Chase filed its motion pursuant to Rule 15(a), which provides that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, Rule 16, rather than Rule 15, governs where a party "fail[s] to file [a] motion [to amend the pleadings] within the period of time set in the . . . scheduling order." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006). Accordingly, Chase had to satisfy the more rigorous "good cause" standard established by Rule 16.

7

Plaintiff appeals Judge Chang's decision on six grounds. Not once, however, does Plaintiff contend or argue that Judge Chang's decision was "clearly erroneous or contrary to law." Instead, Plaintiff proffers arguments as though this Court were reviewing de novo Judge Chang's decision. A magistrate's decision on non-dispositive motions are final unless clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR 74.1; see Rivera, 364 F.3d at 1063; see also Osband, 290 F.3d at 1041. This Court "may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241. Thus, absent an argument that the decision was "clearly erroneous or contrary to law," this Court may not disturb Judge Chang's Order. Plaintiff has provided no such argument. This alone is sufficient reason to deny Plaintiff's Appeal.

In any event, Plaintiff's arguments are not persuasive. Plaintiff first argues that "Chase is not a novice in matters of litigation" and that "Chase was well aware that it could file [a] counterclaim months ago." (Appeal at 5.) Even if true, this is not evidence that Judge Chang erred in amending the Rule 16 Scheduling Order. Moreover, Chase recently retained new counsel. Under these circumstances, it is fair to allow counsel to pursue a new trial strategy which may include filing a counterclaim. Chase has therefore demonstrated good cause for seeking an amendment to the Rule 16 Scheduling Order. See C.F., 2011 WL

8

3634159, at *7 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking the modification.").

Plaintiff next complains that Chase's new counsel "did not [immediately] move to amend, but rather waited nearly 3 months" to seek leave to file its Counterclaim. (Id. at 6.) The Court, however, finds that three months' delay under these circumstances is reasonable. Chase's new counsel was entitled to a short delay to review the case and to decide how to proceed. The Court cannot conclude that Judge Chang erred in finding there was no undue delay before Chase moved to amend the Rule 16 Scheduling Order. See Johnson, 975 F.2d at 609.

Plaintiff also contends that "[t]here should be a level playing field" and that "[w]hen consumers have moved to change scheduling orders, the results have been negative." (Appeal at 5–6.) According to Plaintiff, the Court should therefore reverse Judge Chang. In support of this argument, Plaintiff relies upon two cases from the last four years in which courts in this District have denied a plaintiff's request to amend Rule 16 Scheduling Orders. See Kajitani v. Downey Savings and Loan Ass'n F.A., 647 F. Supp. 3d 1208, 1216 (D. Haw. 2008); Narvaes v. EMC Mort. Corp., et. al., Cv. No. 07-00621 (D. Haw. April 30, 2009). First, it can hardly be said that two instances across the last four years represent a systemic practice of courts in this District denying "consumer" plaintiffs the right

9

to amend a Rule 16 Scheduling Order. Second, to suggest that the courts of this District have been anything other than extraordinarily liberal with "consumer" plaintiffs in cases involving alleged predatory mortgages is disingenuous. This Court in particular has a record of time and again granting plaintiffs in mortgage cases leave to amend their complaints at least twice and often three times. See, e.g., Foth v. BAC Home Loans Servicing, LP, et. al., Cv. No.11-00114; Hoilien v. Bank of America, et. al., Cv. No. 10-00761; Gorospe v. New Century Mortgage Corp, et. al., Cv. No. 10-00505; Dilley v. Countrywide Home Loans, Inc., et. al., Cv. No. 11-00168. To complain that this Court has denied "consumer" plaintiffs in mortgage cases the right to a "level playing field" is simply incorrect. To the contrary, the Court has gone out of its way to afford "consumer" plaintiffs the opportunity to air their grievances with the Court. Plaintiff's argument to the contrary is meritless.

Plaintiff next argues that he will suffer prejudice if Chase is allowed to file a Counterclaim. (Appeal at 8.) While the Court is cognizant that prejudice is one factor a Court considers in determining whether to amend the Rule 16 Scheduling Order, the focus is of the inquiry is primarily on the moving party's conduct. See C.F. v. Unified Sch. Dist., 2011 WL 3634159, at *7. As discussed, Chase here has demonstrated good cause in seeking amendment of the Rule 16

Scheduling Order given that it just retained new counsel.  In any event, Plaintiff pointing out that he will suffer some prejudice by allowing Chase to proceed with a counterclaim against him does not demonstrate that Judge Chang's decision was clearly erroneous or contrary to law.

Plaintiffs final two arguments are similarly without merit.  Plaintiff claims that "[t]he new foreclosure law has no bearing on this case" and that "[t]he issue in this action differ from the foreclosure issue." (Appeal at 7–8.)  Neither argument goes to whether Judge Chang erred in reaching his decision, nor whether Chase has shown good cause in seeking amendment.  These assertions are irrelevant.

In sum, the Court finds Plaintiff's Appeal without merit.  The Court notes, however, that Plaintiff also requests that the trial date and other related dates be continued for at least nine months as he will need more time to prepare for trial because of the Counterclaim. (Appeal at 8.)  The Court is sympathetic to this request, especially considering Chase declined to oppose this Appeal.  Moreover, equity dictates that Plaintiff also have an opportunity to amend the scheduling order, especially in light of Chase's late request to file its Counterclaim.  The Court therefore directs Plaintiff to request that Judge Chang further amend the Rule 16 Scheduling Order to provide Plaintiff ample time to prepare for trial.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Appeal from Magistrate's Order Granting Defendant's Motion to (1) File Counter/Cross Claim for Foreclosure of Mortgage and (2) Amend the Rule 16 Scheduling Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 26, 2011.

_____
David Alan Ezra
United States District Judge

Himmelfarb v. JP Morgan Chase Bank, N.A., et al., Cv. No. 10-00058 DAE-KSC; ORDER DENYING PLAINTIFF'S APPEAL FROM MAGISTRATE'S ORDER GRANTING DEFENDANT'S MOTION TO (1) FILE COUNTER/CROSS CLAIM FOR FORECLOSURE OF MORTGAGE AND (2) AMEND THE RULE 16 SCHEDULING ORDER